UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO VEGA, CARMEN FERNANDEZ, LUPE GARCIA, ZARAIDA ZEVALLOS, CATALINA MARIN, ADRIANA VIZCAINO, CLARA FERNANDEZ, MANUEL E. ASCOTS-GARCIA, and ROSANNA L. ZORRILLA,<br><br>Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL UNION NO. 102, FIRST AMERICAN INC., FIRST GROUP AMERICA COMPANY, INC., FIRST STUDENT MANAGEMENT LLC, and FIRST STUDENT INC.,<br><br>Defendants. | Civ. No. 2:13-7618 (KM) (MAH)<br><br>OPINION |

## MCNULTY, U.S.D.J.:

Defendant Teamsters Local Union No. 102 (the "Teamsters" or the "Union") has moved to dismiss the Complaint ("Compl.," Docket No. 1) filed by the plaintiffs, Roberto Vega, Carmen Fernandez, Lupe Garcia, Zaraida Zevallos, Catalina Marin, Adriana Vizcaino, Clara Fernandez, Manuel E. Ascots-Garcia, and Rosanna L. Zorrilla. (Docket No. 10).

For the reasons set forth below, the Complaint is dismissed as to the Union. Dismissal is without prejudice to the filing of a properly supported motion for leave to file an amended complaint within 30 days.

1

## I. BACKGROUND

According to the Complaint[1] (Docket No. 1-2), Defendant Teamsters Local Union No. 102 has unionized certain employees, including Plaintiff Vega, at the First Student, Inc. site in Lincoln Park, New Jersey. Defendant First Student, Inc., also employs other Plaintiffs as bus drivers at the site in Rochelle Park, New Jersey. Compl. ¶¶ 1, 2.

On November 6, 2013, Plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Bergen County (Docket No. BER-L-8622-13). On December 17, 2013, the Defendants removed the action to this Court. Docket No. 1.

The Complaint comprises three claims: (Count 1) failure to utilize the grievance procedure pursuant to the collective bargaining agreement;[2] (Count 2) hostile work environment under the New Jersey Law Against Discrimination ("NJLAD") based on actions committed by a supervisor, Joanne Lazzari; and (Count 3) unpaid wages.

Three of the four defendants—First Student, Inc., FirstGroup America, Inc.,[3] and First Student Management LLC—have filed an Answer to the Complaint. Docket No. 8. On January 7, 2014, the remaining defendant, Teamsters Local Union No. 102, moved to dismiss the Complaint as to itself. Docket No. 10. That motion is now before the Court.

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a

---

[1] The allegations of the Complaint have not yet been tested by any fact finder. Solely for the purpose of analyzing the Rule 12(b)(6) motions, the Court, as it must, assumes their truth.

[2] As discussed below, *see* II.B.1, Count 1 is construed as a claim for breach of the Union's duty of fair representation.

[3] FirstGroup America, Inc., states that it was incorrectly named as First Group America Company, Inc. Docket No. 8.

2

Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### B. Analysis

The Union moves to dismiss each claim brought by Plaintiffs for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P 12(b)(6). For the reasons set forth below, each Count will be dismissed as to the Union.

#### 1. Duty of Fair Representation (Count 1)

In Count 1, Plaintiff Vega, a member of Teamsters Local Union No. 102, Compl. ¶ 6,[4] alleges that Defendants and the Union shop steward ignored certain of his complaints. Vega's complaints were that a policy regarding the assignment of "charter and field trips" was not being followed, and that his seniority was being disregarded. Compl. ¶ 7. The Union allegedly failed to use the grievance procedure set forth in the collective bargaining agreement between the Union and the employer, First Student. Compl. ¶ 8.

---

[4] In Plaintiffs' brief, Vega states that he is the only plaintiff who works at Lincoln Park and is represented by the Teamsters. Count 1 may therefore be regarded as being asserted by Vega alone. (Pl. Br., Docket No. 11 at 4).

### *a. Dismissal of Count 1*

Count 1 of the Complaint does not identify any specific cause of action. The Union interprets it as an alleged breach of the duty of fair representation ("DFR") pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq.* Plaintiffs seem to agree. *See generally* Plaintiff's Brief in Opposition ("Pl. Br."), Docket no. 11.[5]

An employee may sue his or her union for breach of the duty of fair representation, a duty implied by Section 9(a) of the National Labor Relations Act. *Farber v. City of Paterson*, 440 F.3d 131, 143 (3d Cir. 2006) (citing *Vaca v. Sipes*, 386 U.S. 171, 187-88 (1967)). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190.

To be viable, a DFR claim must allege arbitrary, discriminatory or bad faith conduct, and those conclusions must be supported by plausible allegations of fact. *See Masy v. New Jersey Transit Rail Operations, Inc.*, 790 F.2d 322, 328 (3d Cir. 1986) (assertions of arbitrary conduct found to be unsupported by factual allegations). Mere negligence, even in the enforcement of a collective bargaining agreement, is insufficient to state a claim for beach of the duty of fair representation. *United Steelworkers of America, etc. v. Rawson*, 495 U.S. 362, 372–373 (1990). The Supreme Court has held that "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953), as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). The Third Circuit has explained that "[i]n order to state a claim for breach of this duty, it is essential that plaintiffs allege a bad faith motive on the part of the union." *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 961 (3d Cir. 1980) (citation omitted).

Count 1 of the Complaint alleges none of those things. It alleges only that Vega complained and that the Union failed to file a grievance. Compl. ¶¶ 7–8. Vega has not alleged, even in conclusory terms, that the Union's failure to file a

---

[5] The Union urges that Plaintiffs' brief in opposition be disregarded because it is untimely. I nevertheless consider it.

grievance was arbitrary, discriminatory, or in bad faith. Nor has he stated any facts that would support such a conclusion.

This Complaint, then, is indistinguishable from those found inadequate by the Third Circuit and other courts. As the Third Circuit has held, an allegation that the union failed to file a grievance, or "should have" filed a grievance, is not sufficient to state a claim for a breach of the duty of fair representation. *Medlin*, 620 F.2d at 961 (positing that a "mere allegation that a grievance 'should have been' processed through a grievance procedure does not satisfy" the requirement that a plaintiff allege a bad faith motive on the part of the union). *See also Justison v. Nat'l Postal Mail Handlers, Watchmen, Messengers & Grp. Leaders, Local 308, Div. of Laborers' Int'l Union*, 815 F. Supp. 137, 140 (D. Del. 1993) (holding that the plaintiff failed to state a claim for breach of the duty of fair representation where he alleged "first, the failure to process plaintiff's grievance properly and second, the false representations masking that failure," finding that the failure to process a grievance was merely negligent); *Sanders v. Youthcraft Coats & Suits, Inc.*, 700 F.2d 1226, 1229 (8th Cir. 1983) ("A union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit.").

Count 1 of the Complaint fails to set forth allegations sufficient to make out a claim of breach of the duty of fair representation.

### b. Other evidence cited by Plaintiffs

Plaintiffs' brief in opposition to this motion appends several documents, including: the business card of the Union president, Tom Duffy (Ex. B); a March 26, 2013 letter to the employer complaining of a violation of the collective bargaining agreement (Ex. C); and a June 26, 2013 letter to Thomas Duffy requesting that Duffy address the alleged violation (Ex. D).[6] According to Plaintiffs' brief, these documents show that the Union's actions were "arbitrary at the very least and discriminatory and in bad faith at the most." Pl. Br. at 2. Plaintiffs' Brief also alleges, for the first time, that the Union did nothing to investigate Vega's assertion that the collective bargaining agreement had been violated. *Id.*

---

[6] Plaintiffs' brief also attaches a copy of the Complaint (Ex. A) and the collective bargaining agreement (Ex. E). Obviously the Complaint must be considered. The collective bargaining agreement is specifically referred to and relied on in the Complaint, so it is properly considered as well. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

These documents are not properly considered on a motion to dismiss. On a Rule 12(b)(6) motion, the Court is confined to the allegations of the complaint, which are presumed to be true. The Court may also consider documents relied upon in, incorporated by reference in, or integral to, the complaint. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The documents attached to Vega's brief are not integral to the Complaint, nor are they relied upon or even referred to in the Complaint. They cannot be used to save Count 1 from dismissal. "Insufficiencies in [a plaintiff's] claims as pled cannot be cured by a brief or other documents submitted in opposition to [a defendant's] motion." *See Colony Ins. Co. v. Kwasnik, Kanowitz & Associates, P.C.*, 288 F.R.D. 340, 344 (D.N.J. 2012) (explaining that a plaintiff's "attempt to add factual support to his deficient claims is impermissible") (citing *Ranke v. Sanofi–Synthelabo, Inc.*, 436 F.3d 197, 206 (3d Cir. 2006) (upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance")).

I also note that these documents were in the custody and control of Plaintiffs. If they contain facts sufficient to support a properly pleaded claim, then those facts should have been alleged in the Complaint. At any rate, I cannot and do not consider the contents of these Exhibits.

Accordingly, Count 1 will be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.

### 2. Hostile Work Environment and Backpay (Counts 2 and 3)

Count 2 of the Complaint alleges that a supervisor at the Rochelle Park location, Joanne Lazzari, subjected Plaintiffs to a hostile work environment because they are Hispanic. Compl. ¶¶ 10–12. Count 3 alleges that Plaintiffs are owed back pay for thirty minutes of uncompensated time each work day. The employer's failure to pay them for this time is alleged to violate "the labor laws of the State of New Jersey." Compl. ¶¶ 14–16.

All claims are nominally asserted by all plaintiffs against "all defendants." That is just boilerplate pleading. Plaintiffs acknowledge that Count 1 is the only count asserted against the Teamsters. Pl. Br., Docket no. 11 at 4.

At any rate, it is apparent from the context that Counts 2 and 3 could only be brought against the employer Defendants, not against the Union. There are no factual allegations specifically tying the Union to these claims, Nor are these the sort of claims that would naturally be brought against a collective bargaining agent. There are no allegations in Counts 2 and 3 suggesting that the Union is responsible for the alleged hostile work environment at the Rochelle Park location (it only represents employees at the Lincoln Park location). The Union is not alleged to have had anything to do with unpaid wages.

Accordingly, Counts 2 and 3 will be dismissed as to the Union.

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Complaint of Defendant Teamsters Local Union No. 102, Docket No. 10, is **GRANTED**. Counts 1, 2, and 3 are **DISMISSED** as to Defendant Teamsters Local Union No. 102 only. That dismissal is without prejudice to the filing of a properly supported motion for leave to file an amended complaint. If a motion for leave to refile is not filed within 30 days, this dismissal will become final as to claims against Teamsters Local Union No. 102.

An appropriate Order will be entered.

Dated: August 7, 2014

/s/ Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**